## Hassinger *v.* Ammon et al., Appellants.

*Suretyship—Bonds—Marriage insurance—Validity of charter.*

Plaintiff, Hassinger, agreed to pay dues, etc., on certain certificates of a beneficial association for unmarried persons.   To secure himself he took from defendants a bond, the condition of which was that "if the said Has-- singer shall promptly pay all the monthly dues and annuals on the said certificates of marriage insurance until all of them shall have matured. and that the said the Equitable Beneficial Society shall fail to pay to the said Hassinger his benefits as they mature from time to time, then we the undersigned bind ourselves, our heirs, executors and administrators and every of them to save and keep him, the said Hassinger, harmless from loss or damage by the said Equitable Beneficial Society failing to pay him his benefits as they mature." *Held*, that the obligees were sureties and not guarantors.

In a suit upon such a bond the validity of the society's charter, and the alleged illegality of the business that was transacted by it, could not be determined.

Argued Feb. 26, 1894.   Appeal, No. 339, Jan. T., 1893, by defendants, J. S. Ammon, Isaac R. Fisher, Henry J. Mays and John N. Leavy, from judgment of C. P. Berks Co., June T., 1883, No. 48, on verdict for plaintiff, George W. Hassinger. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and, DEAN, JJ.   Affirmed.

Assumpsit on bond.

At the trial it appeared that the Farmers' Beneficial Society for Unmarried Persons was incorporated by the Court of Com-. mon Pleas of Berks county, Aug. 29, 1881, under the act of 1874.   The application set forth that the subscribers, "having associated themselves together for the purposes of a Mutual Aid Association for unmarried persons, desired to be incorporated with their associates and successors according to law." The purpose was stated as follows:

"2d. The principle upon which the business is to be conducted is that of assessments of its members."

"5th. The object of the society is to issue certificates of, membership in certain specified amounts and to pay the parties· for whose benefit the certificates were issued, from a fund to, be raised in each case of marriage by an assessment of the members."

" 7th. The powers it proposes to have are : . . . . to adopt such by-laws as may from time to time be deemed necessary."

The name of the society was changed by the same court in 1882 to the Equitable Beneficial Society for Unmarried Persons of Reading, Pa.

The society was a corporation of the first class, without capital stock.

The following among other by-laws were adopted:

" Article I. The object of this society shall be to secure benefits to its members and their legal heirs and assigns by a mutual association of unmarried persons."

" Certificate of membership, 4.   Condition and agreement. The person or persons, for whose benefit the certificate is issued, may assign the same to any person or persons or body corporate, by the consent and approval of the president and secretary of this society, by remitting $1.00 for entering the same.   A printed blank will be furnished for this purpose by the society."

The society became involved, and . plaintiff, who was a creditor, agreed to pay $2,198.40 in certain installments for the certificates of Cyrus S. Snyder and Lillie C. Fix, which the society held in stock for sale with blank assignments, and which were valued at $27,000—provided the defendants would agree to save him harmless from loss in the venture—and the bond in suit was given.   The condition of the bond was as follows :

" The condition of this obligation is, That, whereas, the said above-named George W. Hassinger is about to take $27,000 worth of certificates of the Equitable Beneficial Society of the city of Reading for unmarried persons, the last of which certificates are to mature in the month of July, 1887, and which certificate will cost the said George W. Hassinger for entrance fees, assignments, monthly dues and annuals until they are all matured, the sum of $2,198.40.   Now if the said George W. Hassinger shall promptly and regularly pay all the monthly dues and annuals on the said certificates of marriage insurance until all of them shall have matured, and the said, the Equitable Beneficial Society, shall fail to pay to the said George W. Hassinger his benefits as they shall mature from time to time, then we, the undersigned, bind ourselves, our heirs, executors and administrators and . every of them to save and keep him, the said George W. Hassinger, harmless from loss or damage by

the said Equitable Benefit Society failing to pay him his bene-
fits as they mature, then we bind ourselves, our heirs, executors
and administrators and every of them to pay him, the said
George W. Hassinger, such share or portion of said $2,198.40
which the said Equitable Beneficial Society shall fail to pay
him upon his claim for benefits, provided the monthly dues and
annuals are regularly and promptly paid as they are required
by the by-laws of the said society, and provided, also, that if
the undersigned obligors shall be required to pay to the said
Geo. W. Hassinger the above-named amount, to wit: $2,198.40,
all sum or sums of money previously paid by the said society
upon the certificates that have personally become beneficial (if
any) shall be deducted from the above amount of $2,198.40,
and such balance to be paid to him with interest, and upon the
conditions hereinbefore fully stated and set forth to be mutu-
ally kept and performed by the parties hereto, this obligation
shall be void and of none effect, or else to be and remain in
full force and virtue."

The court charged in part as follows as to the payments by
plaintiff under the bond:

"[The court will say to the jury, that if they find from the
evidence given that there was a distinct agreement made then
and there as to the manner in which these amounts were to be
paid, that if it was then and there agreed that nothing but cash
should be accepted, and that no duebills should be used, then
the use of a duebill was not a performance of this contract, and
there could be no recovery in this case. If, however, they be-
lieve that there was nothing said at the time of the making of
this bond with regard to the subject, then the society, if they
accepted any duebills as payment upon the different assessment
of dues, that cannot now be called in question, if they were ac-
cepted and taken by the society in settlement;] [8] so that on
that point the verdict will be as the jury find the facts. [If
they find that duebills were not to be used and that stipulation
entered into the bond, there can be no recovery at all in this
case. If they find, however, that there was no such stipula-
tion, that the society accepted and took them in settlement,
fairly, then there can be a recovery,] [8] provided the jury
find, from the evidence, that Hassinger performed what he cov-
enanted to perform in this case."

Defendant's points were as follows:

"1. The only power authorizing the issuance of policies or certificates by the said association, for any purpose, is given in article fifth, admitted in evidence, as follows : 'The object of the society is to issue certificates of membership in certain specified amounts and to pay the parties for whose benefit the certificates were issued from a fund to be raised in each case of marriage by an assessment of its members.'" Refused. [1]

"2. The object of the society, as appears by the charter, is ' to issue certificates of membership in certain specified amounts and to pay the parties for whose benefit the certificates were issued from a fund to be raised in each case of marriage by an assessment of its members.' This language clearly contemplates a personal association and does not authorize the assignment of certificates, nor contemplate that any one may acquire an interest or become a beneficiary by the purchase of certificates issued for the benefit of others, and as the certificates on which this action is based were not issued for the benefit of the plaintiff, he did not thereby become a member of the association and had no interest in the certificates purchased by him, and no valid or lawful contract with the association, and the contract entered into with the defendants and others, guaranteeing the performance of a contract that could not be enforced at law and was against public policy, was void, and there can be no recovery in this action." Refused. [2]

"3. It does not appear by competent evidence that any of the beneficiaries whose policies or certificates were purchased by the plaintiff were married, or that any obligation of the said association ever arose to the said parties, or either of them, by reason of the issue of such certificates. The plaintiff, therefore, could not have recovered any sum from the association, and the contract embraced in the bond in suit was a simple guaranty of a wager that within two years certain persons would marry, which wager was against good morals and public policy, and there can be no recovery in this action." Refused. [3]

"4. As the bond in suit purports to be a guaranty or indemnity bond, it must first appear that the association was exhausted before an action against the guarantors would lie, and there being no evidence that any assessment was made or that any effort was made to compel an assessment on the members of

the association for the payment of these certificates, if they ever became beneficial, this action against the guarantors is premature, and there can be no recovery." Refused. [4]

" 5. It appears upon the face of the bond on which this action is based that George W. Hassinger had become the purchaser of twenty-seven certificates, of $1,000 each, of the Equitable Beneficial Society of Reading for unmarried persons, making a total of $27,000, for the sum of $2,198.40, and that the obligors in said bond agreed to indemnify and save him harmless in said speculative venture to the extent of the purchase money. And it appears, by the certificates referred to and offered in evidence, that they were not issued to the said George W. Hassinger, but respectively to Cyrus S. Snyder $3,000, and to Lillie L. Fix $24,000, and that these certificates were by these parties respectively assigned to the said George W. Hassinger. The purchase of certificates from members for speculation was not contemplated in the purposes for which the court chartered this mutual benefit association, and such purchases did not constitute George W. Hassinger a member thereof, or entitle him to the benefits accruing to the purchased certificates. It was a speculative venture on the marriage of persons in whom he does not appear to have had an insurable interest, and was, therefore, against good morals and public policy, and was a wager with the said members which could not be enforced at law. And his contract with the obligors in said bond to save him harmless in the said unlawful undertaking, or to guarantee the wager, was likewise void and there can be no recovery." Refused. [5]

" 6. The contract between George W. Hassinger and the defendants, as set forth in the bond, was a contrivance of said Hassinger to defraud the bona fide members of the association. Hassinger, the plaintiff, was president of the association, and purchased the certificates for speculation, with intent to apply the funds of the association, not as a dowry upon the marriage of himself or any other member of the association as contemplated in the charter, but as a profit of 23 per cent upon a two years' investment. The law will not sanction such undertakings, nor lend its aid to enforce such iniquitous contracts." Refused. [6]

" 7. That George W. Hassinger, the plaintiff, was at the

time of his alleged purchase of the said certificates and ever since then has been a married man, and, as such, could not become a member of the association, nor by any contrivance have the members thereof assessed for his benefit.   His purchase of certificates with that intent was, therefore, an attempt to defraud the members of the association, and the bond to guarantee or indemnify him against loss in that unlawful venture cannot be enforced at law."   Refused.  [7]

Verdict and judgment for plaintiff for $1,526.80.

*Errors assigned* were (1–8) instructions, quoting them.

*E. B. Wiegand* and *Richmond L. Jones*, for appellants, cited : Quaker City Marriage Benefit Association of Phila., 10 W. N. 467 ; Shimpf v. Ins. Co., 86 Pa. 376 ; Swan v. Scott, 11 S. & R. 155 ; Thomas v. Brady, 10 Pa. 164 ; Fisher v. Saylor, 78 Pa. 84 ; Eberman v. Reitzel, 1 W. & S. 181 : Rhodes v. Sparks, 6 Pa. 473 ; Johnson v. Hulings, 103 Pa. 498 ; Brant on Suretyship & Guaranty, § 185 : Gilbert v. Moose's Adm'r, 104 Pa. 74 ; Keystone Mut. Benefit Ass'n v. Norris, 115 Pa. 446 ; Russell v. Failor, 1 Ohio St. 327 ; Woods v. Sherman, 71 Pa. 100.

*Charles H. Tyson* and *J. H. Jacobs*, for appellee, cited : Vaux's Ap., 109 Pa. 487 ; Act of April 29, 1874, § 3, P. L. 75, Purd. Dig. 337 ; Freeman v. Stine, 34 Leg. Int. 96 ; Rothchild v. R. R., 1 Pa. C. C. R. 620 ; Freeland v. Ins. Co., 94 Pa. 504 ; Irvine v. Bank, 2 W. & S. 190 ; Shimpf v. Ins. Co., 86 Pa. 376 ; Swan v. Scott, 11 S. & R. 164 ; Wright v. Antwerp Pipe Co., 12 W. N. 325 ; Northampton Co.'s Ap., 30 Pa. 305 ; Lestapies v. Ingraham, 5 Pa. 81 ; Fox v. Cash, 11 Pa. 207 ; Oil Creek, etc. R. R. v. Pa. Transportation Co., 83 Pa. 166 ; Watts's Ap., 78 Pa. 370 ; Dyer v. Walker, 40 Pa. 157 ; Coil v. Pittsburgh Female College, 40 Pa. 439 ; Com. v. Morris, 1 Phila. 411 ; Ins. Co. v. Newcomb, 4 Leg. Gaz. 409 ; R. R. v. Haldeman, 82 Pa. 36 ; Reigart v. White, 52 Pa. 438.

PER CURIAM, March 12, 1894 :

This suit is on defendants' penal bond, the condition of which is fully recited in the charge and need not be repeated.   On the trial, they submitted seven points for charge, the refusal of which

constitutes the first seven specifications of error. In their fourth point the court was requested to say: " As the bond in suit purports to be a guaranty or indemnity bond, it must first appear that the association was exhausted before an action against the guarantors will lie, and there being no evidence that any assessment was made, or that any effort was made to compel an assessment on the members of the association for the payment of these certificates, if they ever became beneficial, this action against the guarantors is premature, and there can be no recovery." The vice of this proposition is the assumption that defendants' obligation to plaintiff is that of guarantors and not sureties. According to the condition of their bond they are not guarantors, and hence the point was rightly refused.

The fifth, sixth and seventh points are also predicated of assumptions of fact and inferences of law, some of which were unwarranted by the evidence. As presented, it would have been error to have affirmed either of these points ; and the same may be said of the first, second and third points. The validity of the " Equitable Beneficial Society's " charter, and the alleged illegality of the business that was transacted by it, cannot be determined in this action. If the propriety of chartering such associations, under vague and indefinite articles, were properly before us, we might have a very decided opinion to express as to the care that should be exercised by courts having jurisdiction of the subject.

In this case, the right of the plaintiff to recover, and the amount to which he was entitled, under the condition of the bond, if anything, depended on questions of fact which were for the exclusive consideration of the jury. The testimony was submitted to them in a clear and impartial charge, which appears to be free from any error that would warrant a reversal of the judgment. Considered in connection with other portions of the charge, there is no error in the excerpt recited in the last specification.

Judgment affirmed.